IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DALON V. RODGERS**                                                                                              **PLAINTIFF**
**ADC #164397**

v.                                      No. 3:22-cv-00195-BRW-PSH

**DENISSE JARAMILLO,** *et al.*                                                       **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Dalon V. Rodgers, an inmate at the Arkansas Division of Correction's (ADC) Grimes Unit, filed this *pro se* 42 U.S.C. § 1983 action on July 27, 2022 (Doc. No. 2). Rodgers alleges that he was attacked by one or two inmates on May 8, 2022, while being escorted by Corporal Corey Carter, and in the presence

of Sergeant Denisse Jaramillo. Doc. No. 2 at 4. He claims that Jaramillo failed to call for security and instead watched the other inmate or inmates "brutally beat" him. *Id.* He further claims that Corporal Calvin Carter[1] intervened with OC spray to stop the attack. *Id*. at 5. Rodgers states that Corey Carter asked Jaramillo why she did not call for help, and she "stated she was too busy watching somebody get there [sic] ass whooped." *Id*. He further claims that grievance officer S. Brown dismissed his grievance and that Warden Moses Jackson III reviewed his grievance against Jaramillo, found her guilty of making the comment, but allowed her to continue to work around Rodgers. *Id*. After the Court screened Rodgers' complaint,[2] the claim against Defendant Jaramillo was permitted to proceed. However, the Court dismissed Rogers' claims against Corey Carter, Warden Moses Jackson III, and grievance officer Terri Grigsby-Brown for failure to state a claim upon which relief may be granted. Doc. Nos. 4 & 6-7. His claims against Jaramillo remain.

Jaramillo filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Rodgers had not exhausted his claims against her before he filed this lawsuit (Doc. Nos. 12-14). Despite the Court's order notifying Rodgers of his opportunity to file a response and statement of disputed facts, he did

---

[1] It is possible, although unclear, that Rodgers is actually referring to Corey Carter.

[2] Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2).

not do so.  *See* Doc. No. 15.  Because Rodgers failed to controvert the facts set forth in Jaramillo's statement of undisputed facts, Doc. No. 13, those facts are deemed admitted.  *See* Local Rule 56.1(c).  For the reasons described herein, the undersigned recommends Jaramillo's motion for summary judgment be granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

other materials . . .". FED. R. CIV. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

Jaramillo argues that she is entitled to summary judgment because Rodgers failed to exhaust his administrative remedies with respect to his claims against her before he filed this lawsuit.  In support of her motion, Jaramillo submitted the ADC's grievance policy (Doc. No. 12-1); a declaration by Terri Grigsby-Brown, the ADC's Inmate Grievance Supervisor (Doc. No. 12-2); a copy of Grievance GR-22-00461 (Doc. No. 12-3); and a copy of Grievance GR-22-00586 (Doc. No. 12-4).

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  See 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Exhaustion under

the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 12-1 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 1-2, 6. Inmates are to "specifically name each individual involved" so that the ADC may complete a proper investigation and response. *Id*. at 5. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 6.

A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* at 7-8. If the inmate is not satisfied with the resolution

or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director within five days. *Id.* at 12. Once the Deputy Director responds or the appeal is rejected, the grievance process is complete. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

Grigsby-Brown states in her declaration that she reviewed grievances submitted by Rodgers and found that he filed two grievances relevant to his complaint allegations: Grievance GR-22-00461 and Grievance GR-22-00586. Doc. No. 12-2 at 3-5.

Rodgers submitted GR-22-00461 as a Step One grievance on May 10, 2022. Doc. No. 12-3 at 3. He complained Jaramillo allowed him to be attacked by other inmates; that Jaramillo failed to call for responders; and that Jaramillo stated "She was too busy watching somebody get there ass whooped" to do so. *Id*. Rodgers received a Step One response the same day and proceeded to Step Two, stating that his complaint was not resolved during Step One because he "did not agree with the

answer that was given." *Id*. In a response dated June 3, 2022, Warden Jackson III informed Rodgers that he found Jaramillo had made the statement claimed and engaged in unprofessional conduct, and corrective action had been taken to prevent reoccurrences in the future. *Id*. at 1. Ultimately, the Warden found the grievance had merit but had been resolved. *Id*. Rodgers did not appeal the Warden's decision. Doc. No. 12-2 at 4 (¶ 17).

Rodgers submitted GR-22-00586 as a Step One grievance on June 9, 2022. Doc. No. 12-4 at 3. He complained that he was still housed in the same unit Jaramillo worked in and that he did not "feel safe around her" and feared that his "safety and freedom" was being hindered. *Id*. Rodgers received a Step One response that day and proceeded to Step Two, stating that his complaint was not resolved during Step One because he was "still housed around Sgt. Jaramillo after she was found guilty of the previous issue." *Id*. In a response dated June 20, 2022, Deputy Warden John Moss informed Rodgers that Jaramillo did not hinder his safety or freedom and had received counseling, and that there was no reason for her "not to continue to perform her job duties in the same housing unit" in which Rodgers resided. *Id*. Ultimately, Moss found the grievance was without merit. *Id*. Rodgers did not appeal Moss' decision. Doc. No. 12-2 at 4 (¶ 20).

Rodgers' grievances, GR-22-00461 and GR-22-00586, cannot serve to exhaust his claims against the defendants because he did not complete all steps of

the grievance process before filing this lawsuit.³ Whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy, not the provisions of the PLRA. *Jones v. Bock,* 549 U.S. at 218. The PLRA requires a prisoner to complete *all* stages of the prison's grievance procedure *even if he obtains a favorable outcome in an intermediate stage.* *See Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) (finding incomplete exhaustion when a prisoner failed to pursue the "grievance process to its final stage"); *King v. Iowa Dept. of Corr.*, 598 F.3d 1051, 1052-53 (8th Cir. 2010) (finding incomplete exhaustion when a prisoner failed to appeal a favorable ruling on grievance). Accordingly, the ADC grievance procedure controls and provides that exhaustion does not occur until the Deputy Director issues a written decision or rejects an appeal. *See* Doc. No. 14-1 at 13 ("A written decision or rejection of an appeal at this level is the end of the grievance process."). Because Rodgers did not complete the grievance procedure with respect to grievances GR-22-00461 and GR-22-00586 by filing an appeal, they do not serve to exhaust his claims.

---

³ In Jaramillo's Brief in Support of His Motion for Summary Judgment on Exhaustion, she states that Rodgers "took all necessary steps to exhaust the issues described," in GR-22-00461, but failed to "raise the issue of failure-to-protect until he submitted his complaint." Doc. No. 14 at 6-7. This, as opposed to failing to appeal, is what Jaramillo claims precluded Rodgers from an otherwise successful exhaustion. However, the Court need not determine whether Rodgers' complaint against Jaramillo was described in GR-22-00461 because he was required to appeal the Step Two response and failed to do so. The Warden's finding that Rodgers' GR-22-00461 had merit does not relieve him of the obligation to appeal and exhaust his administrative remedies. *See King v. Iowa Dept. of Corr.*, 598 F.3d 1051, 1052-53 (8th Cir. 2010) (finding incomplete exhaustion when a prisoner failed to appeal a favorable ruling on grievance).

## IV. Conclusion

Jaramillo's motion for summary judgment (Doc. No. 12) should be granted, and Rodgers' claims against her should be dismissed without prejudice for failure to exhaust available administrative remedies.

DATED this 2nd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE